## Ex Parte el Municipio de Bayamón.

Apelación procedente de la Corte de Distrito de San Juan.

No. 143.—Resuelto en Junio 15, 1904.

Dominio—Posesión Con Justo Título.—Posesión del Causante.—Si el promovente de una información de dominio no tuviere el tiempo de posesión requerido por la ley. puede sumar á su tiempo de posesión. el de la de su causante, pero aún cuando la posesión del promovente sea con justo título, es necesario que la de su causante también lo sea.

Id.—Calificación del Título.—A los efectos de determinar la clase de título con que se posea, no es suficiente que los testigos declaren que el promovente ó sus causantes poseyeron á. título de dueños, debiendo exponer hechos de los que el Tribunal pueda deducir el carácter legal del título, ya que la calificación de éste corresponde exclusivamente al Tribunal.

Id.—Término de' Posesión—Buena Fé—Prescripción.—Para adquirir, por la prescripción ordinaria el dominio de los inmuebles es necesario el transcurso de seis años de posesión continua, con buena fé y justo título.

EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan por el Abogado Don Luis Freyre Barbosa en representación del Municipio de Bayamón sobre acreditar el dominio de dos solares; cuyos autos penden ante Nos á virtud de apelación interpuesta por la representación del promovente contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"San Juan, P. R., cuatro de Noviembre de mil novecientos tres.

*Resultando*: que el abogado Don Luis Freyre Barbosa á nombre del Municipio de Bayamón promovió ante este Tribunal expediente de dominio para justificar el de una finca rústica sita en el barrio de Cataño, de Bayamón, compuesta de doce y medio metros de frente por quince de fondo, en la cuál se haya edificado un edificio de madera y hierro galvanizado destinado á matadero, habiéndolo adquirido por compra hace ocho meses á Don Zacarías Ramos; y en el de un solar ubicado en el poblado de Naranjito de Bayamón de doce metros de frente por veinte y cinco de fondo, conteniendo una casa de madera y hierro galvanizado, ambos adquiridos en el año 1898 por compra hecha por el entonces municipio de Naranjito á Don Alfredo Archilla.

*Resultando*: que admitido y sustanciado dicho expediente verificándose las citaciones de colindantes, anteriores dueños y personas ignoradas á quienes pudiera perjudicarle, estas últimas mediante edictos publicados en las ediciones de 8, 10 y 11 de Agosto del periódico de esta Ciudad, "The Porto Rico Sun," declararon los testigos Don Pedro Colón, Don Carlos Valldejuli y Don Lorenzo Maldonado, constarles que Don Zacarías Ramos y Don Alfredo Archilla, de quienes adquirió por compra el Municipio de Bayamón, las fincas objeto de este expediente, las hubieron por compra á Don Miguel Batista y Don Modesto Archilla respectivamente; que el solar del barrio de Cataño con el edificio destinado á Matadero lo posee el Ayuntamiento de Bayamón hace un año proximamente, y el solar y casa del poblado de Naranjito desde que éste fué anexado al Municipio de Bayamón, habiéndolos adquirido el primero desde el año 1898, y que los poseedores

anteriores disfrutaron á título de dueños las expresadas fincas por más de veinte años sin oposición de nadie, pagando las correspondientes contribuciones á su propio nombre.

*Resultando*: que citadas las partes á comparecencia verbal concurrió sólo el promovente alegando lo que estimó pertinente á su derecho.

*Considerando*: que se ha acreditado que el Municipio de Bayamón puede invocar á su favor, sobre el terreno del barrio de Cataño, una posesión con justo título de compra de cerca de un año, y de cinco años proximamente sobre el solar del poblado de Naranjito, también con justo título de compra.

*Considerando*: que el promovente puede sumar á su posesión la de veinte años que tuvieron sus causantes sobre la finca objeto de este expediente, pero dicha posesión no consta que fuera tenida por estos con justo título, por no ser suficiente que los testigos manifiesten que las personas de quienes hubo sus derechos el Municipio de Bayamón poseyeron á título de dueños, por corresponder solamente al Tribunal la apreciación del cáracter legal del título, debiendo limitar los testigos sus declaraciones á los hechos de que pueda deducirse la legalidad y suficiencia del título.

*Considerando*: que es necesario el transcurso de diez años para prescribir con justo título y buena fé, y no concurriendo estos requisitos es imprescindible el transcurso de treinta años.

*Considerando*: que no se ha acreditado la adquisición del dominio por ningún otro medio (de los que la ley determina) además de la prescripción. Visto el articúlo 395 y siguientes de la Ley Hipotecaria. No há lugar á la declaración de dominio que se interesa. Lo acordó y firma el Tribunal; certifico.''

*Resultando*: que contra esta sentencia interpuso apelación el promovente, que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á cuyo acto sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Freyre Barbosa.*

Abogado del Pueblo: *Sr. del Toro,* Fiscal.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada y los de derecho, á excepción del tercero.

*Considerando,* en su lugar, que con arreglo á la Orden Judicial de 4 de Abril de 1899, que es de aplicación al caso, era necesario el transcurso de seis años de posesión continúa, con buena fé y justo título, para adquirir por la prescripción ordinaria el dominio de los bienes inmuebles.

*Vistas* làs disposiciones legales citadas y el artículo 1840 del vigente Código Civil.

*Fallamos*•que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.